983 F.2d 1070
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William STEVENS; Myra Stevens, Defendants-Appellants.
 No. 92-1620.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 William and Myra Stevens appeal pro se from a district court order awarding summary judgment to the plaintiff in this breach of contract case filed under 28 U.S.C. § 1345. Their appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, the appellants used a HUD guaranteed loan to purchase a mobile home for $24,103.71. This debt was assigned to Green Tree Acceptance, Inc. ("Green Tree"). The appellants fell behind in their payments and surrendered the mobile home to Green Tree on January 20, 1987. At that time, their total remaining indebtedness was $20,722.05. The mobile home was later privately sold for $14,865.00, which was its retail value as appraised by HUD. Green Tree subsequently assigned HUD its claim to a $7,450.54 shortfall that remained after the sale.
 
 
 3
 HUD filed a complaint in federal district court. The court granted the government's motion for summary judgment on April 9, 1992. William Stevens filed a timely notice of appeal from this judgment on May 13, 1992. Myra Stevens did not sign the notice of appeal. Therefore, we lack jurisdiction over her appeal. See 28 U.S.C. § 1654.
 
 
 4
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Stevens argues that HUD was not a party to his private transactions with Green Tree. However, the undisputed documentary evidence indicates that $7,450.54 remained due on the loan after the mobile home was sold and that this debt was assigned to HUD. As Stevens did not submit any evidence indicating that a genuine issue of fact remained for the jury, summary judgment was properly entered for the government under Fed.R.Civ.P. 56(e).
 
 
 5
 It appears that Stevens also argues that he was denied due process when the district court refused to grant his motion for a change of venue. However, it is clear that venue was proper in the United States District Court for the Eastern District of Michigan. See 28 U.S.C. § 1391(b). Moreover, the court did not abuse its discretion by refusing to transfer the case to a more convenient forum. Finally, there is no indication that Stevens ever made a formal request for counsel or that the court's actions impinged on his right to due process.
 
 
 6
 None of Stevens's remaining arguments has substantial merit. In particular, we note that the complaint was filed within the six-year limitations period for a breach of contract action that is brought by the United States. See 28 U.S.C. § 2415(a). The record also fails to support Stevens's conclusory allegations of bias.
 
 
 7
 Accordingly, the appeal is dismissed for lack of jurisdiction insofar as it involves Myra Stevens, and the district court's judgment is affirmed. Rules 9(b)(1) and 9(b)(3), Rules of the Sixth Circuit.